HELBERT, APPELLANT, v. TATEM, RESPONDENT.

(No. 2,226.)

(Submitted February 26, 1906.　Decided March 6, 1906.)

*Mines—Adverse Claims—Pleadings—Complaint—Presumptions.*

Mines—Adverse Claims—Complaint—Sufficiency.
1.　In the absence of a special demurrer for ambiguity or uncertainty, a complaint in an action to determine an adverse claim to mining property, alleging that on July 9, 1903, defendant made application for a patent for a conflicting location, and that on the eighth day of September, following, before the sixty days' notice of defendant's application for a patent had expired, plaintiff filed his adverse claim and protest under oath, but failing to state when the first publication of the notice of application for patent was made, was sufficient and not vulnerable to attack by general demurrer.

Mines—Adverse Suits—Presumptions.
2.　The presumption will not be indulged, in an adverse suit, that the first publication of the notice of application for patent to a mining claim (U. S. Rev. Stats., sec. 2325) was made upon the same date on which the application was filed.

Mines—Adverse Suits—Complaint.
3.　The complaint in an adverse suit need not state when the first publication of the notice of application for patent, required by section 2325, United States Revised Statutes, was made, if it otherwise appears that the adverse claim was filed in time.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Charles Helbert against Benjamin H. Tatem.　From a judgment in favor of defendant plaintiff appeals.　Reversed.

*Messrs. H. G. & S. H. McIntire,* for Respondent.

*Mr. Lincoln Working,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action to determine an adverse claim, commenced in the district court on October 6, 1903.　The amended complaint alleges that the plaintiff is a citizen of the United States;

that he is the owner (except as against the paramount title of the United States), in possession and entitled to the possession of the Rocky Point quartz lode mining claim, situated in Lewis and Clark county, Montana, and that he located the claim in 1893. A description of the claim is given, and the several acts done in locating it are set forth at length. It is alleged that the defendant claims a part of the ground covered by the location of the Rocky Point claim, as the Dorset quartz lode mining claim, and the ground in dispute is particularly described and a plat showing such conflict is attached to the complaint. It is also alleged that on July 9, 1903, the defendant made application for patent for the Dorset claim. The amended complaint then. proceeds: "Plaintiff further alleges that on the eighth day of September, A. D. 1903, and before the sixty days' notice of application for patent of said Dorset lode mining claim had expired, plaintiff duly filed in the United States land office at Helena, Montana, wherein said application for patent was and is pending, his adverse claim and protest under oath," etc., and on the same day the register and receiver made an order staying all further proceedings, etc. It is alleged that the claim of the defendant to the ground in controversy is without any right, and that such claim casts a cloud upon plaintiff's title to the Rocky Point claim, and interferes with and injures him in the use and enjoyment thereof. The prayer is that the defendant be required to set forth the nature of his claim to the ground in controversy, and that the relative rights of the parties thereto may be determined, and that the defendant may be enjoined from asserting any claim whatever to any portion of the Rocky Point claim. There are numerous other allegations in the complaint which are not necessary to be considered now. To this amended complaint a general demurrer was interposed and sustained, and the plaintiff electing to stand on his amended complaint, judgment was entered in favor of the defendant, from which judgment the plaintiff appeals.

It is contended by the respondent that the amended complaint shows upon its face that the adverse claim was not filed

in the local land office within the sixty-day period of publication of notice of application for patent for the Dorset claim, and therefore does not state a cause of action. It is to be observed that the amended complaint does not anywhere state when the first publication of notice of application for patent for the Dorset claim was made, and it is not necessary, if it otherwise appears that the adverse claim was filed in time. It does allege that the adverse claim was filed on the eighth day of September, 1903, and before the expiration of the sixty days' notice of application for patent. This allegation may be open to the objection that it is ambiguous and uncertain, but we think it may fairly be gathered therefrom that the adverse claim was filed before the expiration of the sixty-day period of publication of notice of application for patent for the Dorset claim. Counsel for respondent in their brief say: "The eighth day of September was sixty-one days after July 9th, the date of the first publication of the notice of patent application." This may be true as a matter of fact, but it does not appear from the amended complaint, and we cannot go outside the record in determining the sufficiency of this complaint. To say the least, there is not any presumption that the first publication occurs upon the same date that the application is filed. The sixty-day period, during which the notice of application for patent must be published, as required by section 2325 of the United States Revised Statutes (U. S. Comp. Stats. 1901, p. 1429), commences to run *from* the date of the first publication (Regulations Interior Department, June 24, 1899), and that may or may not have been made on the day the application was filed. If, in any given instance, publication is made in a weekly paper, and it should so happen that application for patent is made the day following the publication of any particular issue of the paper, then the first publication of the notice would be six days later than the date of application for patent. And it might so happen, because of a press of business in the land office, that the first publication would be deferred even later than that; so that, in the absence of any allegation showing

when the first publication of the notice was made, it is impossible to say that this adverse claim was not filed in time, while, on the contrary, the allegation of the amended complaint quoted above is sufficient, in the absence of a special demurrer for ambiguity or uncertainty, to show that it was filed in time.

The questions, also suggested by this record: (1) Did the leaving of the adverse claim and proper fees with the officials of the local land office, on September 5, 1903, constitute the filing of such adverse claim within the meaning of section 2326 of the United States Revised Statutes (U. S. Comp. Stats. 1901, p. 1430)?, and (2), if the sixtieth day of the period of publication falls on a legal holiday, may the adverse claimant file his adverse claim on the next succeeding day?, are not properly before us, as a decision of neither is necessary to a determination of the question actually involved here. This appeal only presents the single question: Does the amended complaint state a cause of action? We think it does, and that the district court erred in sustaining the general demurrer.

Let the judgment be reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.